STATE v. JAMES HERBERT NESSLER.

196 N. W. 2d 597.

April 7, 1972—No. 42336.

C. Paul Jones, State Public Defender, and Mollie G. Raskind, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, John M. Mason, Solicitor General, and Richard G. Mark, Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Todd, JJ.

PER CURIAM.

This is a combined appeal from a judgment of conviction upon defendant's plea of guilty to burglary and from a denial of postconviction relief after an evidentiary hearing.

The issues raised are whether defendant's plea of guilty was voluntary, whether there was a factual basis justifying the acceptance of his plea, and whether he was afforded effective representation by court-appointed counsel. We affirm the conviction and the lower court's denial of postconviction relief.

The information charging defendant, then aged 21, with two felony counts—namely, burglary in violation of Minn. St. 609.58, subd. 2(1), and felonious theft in violation of § 609.52—alleged that defendant broke into the Ace Hardware Store in Grand Rapids with intent to steal and that he did steal $40, a .22-caliber pistol, numerous wristwatches, cigarette lighters, and a transistor radio.

In the plea proceedings, defense counsel revealed that defendant's plea to the burglary charge was tendered pursuant to a plea agreement whereby the prosecution would dismiss the felonious theft charge, would not prosecute other crimes which defendant admitted in a written confession, and would recommend that the sentence imposed on the burglary charge run concurrently with a 1-year county jail sentence defendant was then serving. Upon questioning both by counsel and the court, defendant admitted in comprehensive detail his involvement in the burglary and specifically acknowledged his guilt of that charge and that his confession and plea were voluntarily made with a full awareness of his rights. The sentencing court, at defendant's request, made use of a presentence investigation report prepared about 1 month earlier when the 1-year county jail sentence was entered on a prior felony charge reduced to a gross misdemeanor. The court accepted defendant's guilty plea, adjudged him guilty of burglary, and imposed an indeterminate 5-year sentence to run concurrently with the 1-year sentence. Additionally, the court ordered to be credited against the sentence the time served in the county jail prior to the imposition of the 1-year sentence, and, at defendant's request, the court suspended payment of a $500 fine which was a part of the 1-year sentence. The sentence on the burglary conviction more than fulfilled the charge and sentence concessions of the plea agreement, and the record compellingly establishes not only a factual basis for defendant's plea, but that it was voluntary.

During the pendency of the appeal, defendant, claiming innocence, filed a petition for postconviction relief. At the plenary hearing, he sought to establish that he was falsely implicated by an alleged accomplice who was then in prison and who also appeared before the postconviction court, recanting his previous inculpatory statements regarding defendant and denying that defendant was involved in the burglary. Defendant also claimed that his plea was involuntary, having been

induced by his claimed solitary confinement in the county jail. The postconviction court specifically found that defendant's jail confinement was restrictive but reasonable, was made necessary because of his attempt to escape, and was not a factor inducing his plea of guilty, and furthermore, that his confession and plea were voluntary. In support thereof, in a memorandum made a part of its order the court declared its conclusion that defendant perjured himself in denying involvement in the burglary. The evidence manifestly supports these findings and conclusion.

The charge and sentence concessions negotiated by defense counsel of themselves make it obvious that defendant's claim of ineffective representation is utterly without merit.

Affirmed.